UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

DOMENIC TRICOME

    Plaintiff,

vs.

EBAY, INC. ET AL.

    Defendant.

Case No. 09-2492

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EBAY INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b) 3

**I.   INTRODUCTION**

Defendant, eBay, Inc. ("eBay") files this Motion to Dismiss the Complaint filed by Plaintiff, Domenic Tricome ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12b(3). Pennsylvania is an improper forum for this dispute. Any dispute between eBay and Plaintiff, as a registered user of eBay, is subject to a forum selection clause in the eBay User Agreement, which Plaintiff approved, and which calls for disputes to be litigated in a court in Santa Clara County, California. For this reasons, eBay respectfully requests that the Court grant this Motion and dismiss the Complaint against eBay, or in the alternative, transfer this case to a forum where venue is appropriate – in Santa Clara County, California.

**II.   PROCEDURAL HISTORY**

On May 30, 2009, Plaintiff filed a *Pro Se* Complaint ("Complaint") against eBay alleging "fraud, negligence, conspiracy, and violation of antitrust law." *See* Complaint. Plaintiff alleges that eBay's termination of his account(s) caused him damage.

1

Specifically, Plaintiff alleges that by terminating his account(s) eBay forced him to sell his business for far less than its value, causing emotional and financial harm. *See* Complaint. Defendant eBay filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Improper Venue on June 29, 2009. In part, the Motion to Dismiss was premised on the eBay User Agreement, which stated that any dispute between eBay and Plaintiff, as a registered user of eBay, is subject to a forum selection clause, which Plaintiff approved, and which calls for disputes to be litigated in a court in Santa Clara County, California. On July 16, 2009, Plaintiff filed an Amended Complaint, in which he alleged jurisdiction was proper because the Amended Complaint raised a federal question and alleged an amount in controversy exceeds the sum of $75,000. *See* Amended Complaint, attached hereto as **Exhibit "1."** The Amended Complaint did not address the forum selection clause, which forms the basis of eBay's renewed Motion to Dismiss. *See id.*

### III.   STATEMENT OF FACTS

1.   eBay operates an online marketplace on which "users" (i.e., individuals who register to use eBay's services) may list items they wish to sell and through which potential buyers may purchase items from third-parties. Affidavit of Adam Sand ¶ 2 ("Sand Aff.") attached hereto as **Exhibit "2."**

2.   In order to buy or sell on eBay, individuals must first register with eBay. As part of the registration process, a potential user must complete a registration form and electronically submit the form to eBay. In order to activate the registration process, the potential user must read and agree to eBay's User Agreement that contains the terms and conditions that govern the relationship between eBay and its users. Sand Aff. ¶ 3. A true and correct copy of eBay's User Agreement downloaded from its website is

attached to the Sand Aff. as **Exhibit "B."** The potential user must accept the User Agreement by affirmatively checking a box that states "I accept the User Agreement and Privacy Policy," and then clicking on a button to continue with the registration process. Users who do not check the box stating "I Accept the User Agreement and Privacy Policy" are not permitted to complete the registration process. Sand Aff. ¶ 3.

3. The Plaintiff is a registered member of eBay, with the user name "dom_tr." When Plaintiff registered with eBay, he explicitly followed the above procedures, thereby agreeing to the terms of the User Agreement.

4. eBay's User Agreement requires disputes between eBay and its users be resolved through court action filed in a court in Santa Clara County, California. Sand Aff. ¶ 4; *See* User Agreement "Resolution of Disputes."

## IV.   ARGUMENT

### This Court Should Enforce the Forum Selection Clause Contained in eBay's User Agreement Requiring That Disputes Arising Out of the User Agreement Be Litigated in Santa Clara County, California.

When a case is in federal court based on diversity jurisdiction, federal law determines the validity of a forum selection clause. *Campanini v. Studsvik*, 2009 WL 926975 *4 (E.D. Pa 2009). Forum selection clauses are prima facie valid and should be enforced unless the objecting party can show that the circumstances render enforcement unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is unreasonable upon a "strong showing" that: (1) the forum selected is "so gravely difficult and inconvenient" that the party "will for all practical proposes be deprived of his day in court"; or (2) the clause was procured through "fraud of overreaching." *Campanini*, 2009 WL 926975 at *4 *quoting Foster v. Chesapeake Insurance Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991).

"Click through" agreements like eBay's User Agreement are legally binding, enforceable contracts. *See DeJohn v. The .TV Corp. Int'l*, 245 F. Supp. 2d 913, 918-919 (C.D. Ill. 2003) (finding that an online User Agreement was an enforceable contract because the user "expressly indicated that he read, understood and agreed to those terms when he clicked the box on [the defendant]'s website," and the user "always had the option to reject [the defendant's contract and obtain . . . services elsewhere"); *Forrest v. Verizon Comm'n, Inc.*, 805 A.2d 1007, 1010-1011 (D.C. 2002) (enforcing a forum-selection clause contained in an online User Agreement because "[a] contract is no less a contract simply because it is entered into via a computer"); *i.LAN Systems, Inc. v. Netscout Service Level Corp.*, 183 F. Supp. 2d 328, 335-336 (D. Mass. 2002) (enforcing click-wrap agreement because the user "manifested assent to the clickwrap license agreement when it clicked on the box stating 'I agree'").

When he registered with eBay, the Plaintiff agreed to the terms of the User Agreement. The "Resolution of Disputes" section of the User Agreement sets forth specific procedures governing dispute resolution between eBay and eBay users. In this case, the Plaintiff has the heavy burden of proving that the clause should not be enforced. *Cedarbrook Associates v. Equitec Savings Bank*, 678 F. Supp 107, 108 (E.D. Pa 1987). Although Plaintiff suggested in his original Complaint that litigating in Santa Clara County California would greatly increase the costs of this litigation and make it more difficult on him because of his physical condition, this Court has recognized that "mere inconvenience or additional expense is not the test of unreasonableness" and "if the agreed upon forum is available to [a party] and said forum can do substantial justice to the cause of action then [that party] should be bound by his agreement." *Campanini*,

2009 WL 926975 at *6 *quoting Cent. Contracting Co. v. Md. Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1996). Additionally, while Plaintiff originally alleged that "no person on the planet can have a team of lawyers with them all day long to read all the legalese that one is involved with . . . the Defendant actually thinks that every member should read every line of their [sic] legalese with a team of lawyers," a party's failure to recognize a forum selection clause or seek counsel prior to accepting it does not give rise to an inference of fraud or overreaching. *Campanini*, 2009 WL 926975 at *6 (explaining that a forum selection clause may be set aside on the basis of fraud only if the "inclusion of that clause in the contract was the product of fraud or coercion"). Plaintiff offers only mere inconvenience, increased expense, and the fact that he did not understand the "legalese" as the foundation for his request that the forum selection clause not be enforced. *See* Complaint. However, these statements are not valid reasons to deny enforcement of the forum selection clause.

Because Plaintiff agreed to the forum selection clause in the User Agreement, he is bound by it and is required to file this dispute against eBay in a court located in Santa Clara County, California. As a result, Plaintiff's claims against eBay in the Complaint should be dismissed.

## V.     CONCLUSION

For the foregoing reasons, eBay respectfully requests that Plaintiff's Amended Complaint be dismissed for improper venue, or in the alternative, transferred to Santa Clara County.

Respectfully Submitted

July 27, 2009            By:    /s/
                                Meghan K. Finnerty, Esquire
                                Darin J. McMullen, Esquire

                                Anderson Kill & Olick, P.C.
                                1600 Market Street
                                Suite 2500
                                Philadelphia, PA  19103
                                Telephone:  267-216-2700
                                Attorneys for Defendant eBay, Inc.