\*\*E-Filed 2/28/2011\*\*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DOMENIC TRICOME,<br><br>                Plaintiff,<br><br>       v.<br><br>eBAY, INC.,<br><br>                Defendant. | Case Number 5:10-cv-03214-JF (HRL)<br><br>ORDER[1] RE: PLAINTIFF'S LETTER TO THE COURT DATED FEBRUARY 23, 2011.<br><br>[Re: Docket No. 97] |

      Plaintiff Domenic Tricome ("Tricome"), a former eBay account holder, brought suit against Defendant eBay, Inc. ("eBay") in the United States District Court for the Eastern District of Pennsylvania, alleging wrongful suspension of his eBay account. The matter was transferred to this Court on October 19, 2009, pursuant to the forum selection clause included in the eBay User Agreement.

      Tricome subsequently moved for sanctions and for transfer of venue back to the Eastern District of Pennsylvania. After he failed to appear at a case management conference on December 3, 2010, this Court ordered Tricome to show cause why the instant action should not

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-03214-JF (HRL)
ORDER RE: PLAINTIFF'S LETTER TO THE COURT DATED FEBRUARY 23, 2011
(JFLC1)

be dismissed for failure to prosecute, and to file his response on or before January 28, 2011.[2] Tricome did not respond until January 31, 2011.[3] Accordingly, this Court dismissed the action without prejudice for lack of prosecution.[4] The Court also awarded attorneys' fees to eBay in light of the fact that Tricome's motions for sanctions and for transfer of venue were without any apparent legal basis.[5] Copies of both orders were sent to Tricome at his address of record.

On February 23, 2011, Tricome filed a letter contesting the dismissal.[6] In his letter, Tricome indicated that he had in fact filed a timely response to the Order to Show Cause and that the dismissal was in error. As the case has now been closed, Tricome must file a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) in order for the Court to consider his contentions. Under that Rule, Tricome may seek relief from the Court's order as long as his motion is filed within a reasonable time and not more than one year from the date of the order. Fed. R. Civ. P. 60(c)(1). The repetition of arguments which the Court already considered and rejected is not a proper basis for reconsideration. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *Durand v. U.S. Customs*, No. 05-55472, 2006 WL 92795, at *2 (9th Cir. Jan. 17, 2006). A motion for reconsideration will not suspend operation of the dismissal. Fed. R. Civ. P. 60(c)(2). Tricome should explain how he was diligent in the prosecution of this case, and he should provide supporting documentation–for example, date-stamped filings and delivery confirmation receipts–in order to support his contention that response to the Order to Show Cause was submitted in a timely manner.

---

[2] Order to Show Cause dated December 20, 2010, Dkt. 80.

[3] Response to Order to Show Cause filed January 31, 2011, Dkt. 86.

[4] Order Dismissing Case Without Prejudice for Lack of Prosecution dated February 1, 2011, Dkt. 85.

[5] In its dismissal order, the Court directed counsel for eBay to file a declaration itemizing all fees and expenses incurred in the preparation of eBay's opposition to Tricome's motions for sanctions and transfer of venue. *Id.* at 2. Counsel filed such a declaration on February 8, 2011, and the Court awarded attorneys' fees on February 11, 2011. Decl. of Shelley Hurwitz, Dkt. 93.; Order Awarding Attorneys' Fees, Dkt. 94.

[6] Letter from Plaintiff Domenic Tricome, Dkt. 97.

Case No. 5:10-cv-03214-JF (HRL)
ORDER RE: PLAINTIFF'S LETTER TO THE COURT DATED FEBRUARY 23, 2011
(JFLC1)

1    Tricome also may appeal the dismissal to the Ninth Circuit Court of Appeals pursuant to
2    Fed. R. App. P. 3.  Notice of appeal must be filed on or before March 1, 2011.[7]  This Court may
3    extend the time to file a notice of appeal if Tricome presents a motion for extension of time
4    showing good cause.[8]

### ORDER

6    Should Tricome file a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b), eBay
7    may file opposition within fourteen days after such motion for reconsideration is filed.  Tricome
8    may file a reply not less than fourteen days before the hearing date.

**IT IS SO ORDERED.**



DATED:  February 28, 2011

JEREMY FOGEL
United States District Judge

---

[7] "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1)(A).

[8]     (A) The district court may extend the time to file a notice of appeal if:
         (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
         (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

         (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

         (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

Fed. R. App. P. 4(a)(5)

Case No. 5:10-cv-03214-JF (HRL)
ORDER RE: PLAINTIFF'S LETTER TO THE COURT DATED FEBRUARY 23, 2011
(JFLC1)

1
2  A copy of this order has been sent to:

3  Domenic Tricome
   649 South Henderson Road
   A508B
4  King of Prussia, PA 19406

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4